UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA C. MITCHELL                                    CIVIL ACTION

VERSUS                                                  No. 06-8831

LEXINGTON INSURANCE COMPANY                             SECTION "C"
HULL & COMPANY, INC. AND STONE
INSURANCE, INC.

## ORDER AND REASONS

This matter comes before the Court on a motion to remand filed by the plaintiff, Patricia C. Mitchell ("Mitchell"). In her motion, she asserts that her insurance agent, Stone Insurance, Inc. ("Stone"), a Louisiana citizen, was not fraudulently joined to the action and thus this Court lacks diversity subject matter jurisdiction. Stone and Lexington Insurance Company ("Lexington") oppose the motion. After considering the memoranda of counsel, the record and the applicable law, the Court finds that remand is appropriate.

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See, 28 U.S.C. § 1441 (2006). The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.[1] See, 28 U.S.C. § 1332 (2006). For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant.

---

[1] The amount in controversy is not an issue here. In her state court petition, Mitchell claimed that her damages exceeded her policy limits. Mitchell, Stone and Lexington have all shown that her policy limit exceeded $75,000.

*Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. See*, De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995). The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit. To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545). This, "stated differently means that

there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. . ." *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568, 572 (5th Cir. 2004) (en banc); see also, *Melder v. Allstate Corp.*, 404 F.3d 328. 330 (5th Cir. 2005) ("[A]t issue is whether Defendants have established there is no reasonable basis Plaintiff might be able to recover under Louisiana state law against the non-diverse defendant. . .")  A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder. *Id.*, 385 F.3d at 572.

The Court's determination can be made in two ways: (1) by undertaking a Rule 12(b)(6) - type analysis to determine whether the complaint states a claim against the in-state defendant or (2) whether a claim has been stated by misstated or omitted discrete facts determinative of the propriety of joinder, minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

In its Notice of Removal (Rec. Doc. 1), Lexington claims that the Louisiana defendant, Stone, was fraudulently joined so as to defeat removal.  Specifically, Lexington claims that Mitchell cannot allege any set of facts which would entitled her to relief from her insurance agent, Stone.  According to Lexington, any claims against Stone are perempted and Stone did not owe a duty to Mitchell.  Lexington also argues that any claims against Stone are not related to Mitchell's claims against Allstate.

Mitchell disagrees.  She asserts that Stone was not fraudulently joined. She argues that

3

the allegations against Stone in its state court petition allege a cause of action against the insurance agent under Louisiana law.  Specifically, Mitchell claims she relied on the expertise and representations of Stone there her coverage were sufficient to indemnify her from loss.  See, Rec. Doc. 1.

### 1. PEREMPTION

Stone and Lexington alleges that the claims against Stone are perempted under Louisiana Revised Statute § 9:5606.[2]  They claim that Mitchell purchased the insurance policy in question through Stone in March 2005.  See, Rec. Docs. 28 and 30.  Mitchell did not file her lawsuit until August 2006.  As a result, Stone and Lexington argue that Stone did not commit an action, omission or negligence within the one year peremption period, so Mitchell's claims against Stone are perempted.

Although Mitchell filed suit in August 2006, she claims that she did not actually know about the alleged actions, omissions or neglect until sometime after Hurricane Katrina, August 29, 2005, when Lexington partially denied her claims.  These dates show that Mitchell filed suit within one year of when she actually learned of the alleged actions, omissions or neglect.

Thus, the inquiry is when Mitchell should have discovered the alleged actions, omissions or neglect.  Under Louisiana law, an insured has a duty to read his insurance policy and know its

---

[2] Louisiana Revised Statute § 9:5606 provides in relevant part:
A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one  year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

provisions. *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686, 27,658 (La. App. 12/6/95) (citing *Matthews v. Business Men's Assur. Co. of America*, 478 So.2d 634, 637 (La. App. 2 Cir. 1985); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488 (La. App. 1 Cir. 1989)). Mitchell alleges that she relied on Stone's representations regarding the adequacy of her insurance coverage. See, Rec. Doc. 1. Arguably, Mitchell could have discovered any gaps in her insurance coverage by carefully reading the policy. At the same time, without further factual development, the Court cannot determine whether Mitchell was lulled into complacency by representations made by Stone. The facts may disclose that Mitchell's reliance was well-founded, regardless of the actual language of the policy, and that Mitchell therefore is excused from its failure to discover the problem earlier.

## 2. FIDUCIARY DUTY

Stone and Lexington also claims that Stone is improperly joined because Stone did not owe a fiduciary duty to Mitchell. Stone and Lexington argue that insurance agents do not have a duty to independently advise their clients about the availability or desirability of certain insurance coverages. They assert that Stone did not breach a duty to Mitchell because she does not allege that she requested a ceratin amount of coverage that Stone failed to procure.

Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. *Southern Athletic Club*, 2006 WL 2583406 at *4 (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d. 728, 730-31 (La. 1973)). If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage.

*Id.* However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. *Id.* (citing *Graves v. St. Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)).

Mitchell suggests that Stone induced her assumption that she had the desired insurance coverage, when she actually did not. In her complaint, Mitchell alleges that she relied on Stone's expertise that her coverage was sufficient to indemnify her from loss. This suggests that she requested enough coverage to fully cover her property and that Stone failed to secure that amount of coverage. See, Rec. Doc. 1. Furthermore, Mitchell alleges that she relied on Stone's representations that she was fully indemnified. This may have caused Mitchell to assume that she had the desired amount of coverage, i.e. full indemnification. Thus, these allegations are sufficient to suggest that Stone may have breached a duty that he owed to Mitchell. Accordingly, the Court find that Stone and Lexington have not established that there is no reasonable basis for Mitchell's claims against Stone.

### 3. Misjoinder of Parties

Alternatively, Stone and Lexington claim that Stone was improperly joined because the causes of action against it are not related to those against Lexington. In a similar case, *Southern Athletic Club*, Judge Lemmon relied on *Radlauer v. Great Northern Inc. Co.*, 2006 WL 1560791 (E.D.La. 2006) to find that there was no fraudulent joinder. *Southern Athletic Club, LLC v. Hanover Insurance Company, et. al.,* 2006 WL 2583406 *4 (E.D.La. 2006). Those cases both had only one plaintiff who was suing an insurance company, one adjustor and the insurance agent. Each court found that there was a real connection between the claims and the parties,

because the plaintiff sought recovery for the same injury.

This Court agrees with those decisions and finds that they are applicable to the case at bar. Here, Mitchell is suing the insurance company and her insurance agent. All of the claims arise out of the same injury, i.e. her insurance coverage or lack thereof. Therefore, Stone is not fraudulently misjoined and diversity jurisdiction is lacking.

Accordingly,

IT IS ORDERED that Mitchell's Motion to Remand is hereby **GRANTED**, but the motion is **DENIED** with respect to Mitchell's request for costs and attorneys fees and costs.

New Orleans, Louisiana this 10th day of January, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE